## ARY *v.* STATE.

### Opinion delivered June 24, 1912.

1. FORGERY—SUFFICIENCY OF INDICTMENT.—An indictment for forgery of a check which alleges that accused "did make, forge and counterfeit the check, with the intent fraudulently and feloniously to obtain possession of the property of B. M.," sufficiently alleged that said B. M. did not sign the check or authorize it to be signed. (Page 214.)

2. SAME—SUFFICIENCY OF EVIDENCE.—Proof that defendant procured another in his presence to forge a certain check will sustain a charge of forgery thereof. (Page 214.)

3. EVIDENCE—FORMER TESTIMONY.—The former testimony of a witness absent from the State given at an examining trial may be proved by the oral testimony of a person who heard the witness testify, without producing the minutes of the examining trial. (Page 214.)

4. NEW TRIAL—MISCONDUCT OF JUROR.—Where, in a prosecution of defendant for forgery of a check purporting to have been signed by his mother, his defense was that she authorized him to sign it, a remark made by a juror to one of defendant's witnesses that defendant ought to have had his mother at the trial was not reversible error. (Page 214.)

5. SAME—NEWLY DISCOVERED EVIDENCE.—A new trial on the ground of newly discovered evidence is properly denied where such evidence is cumulative merely, or where it is not shown why it was not discovered before the trial. (Page 215.)

Appeal from Lawrence Circuit Court, Eastern District; *R. E. Jeffery,* Judge; affirmed.

*Appellant, pro se.*

1. The indictment states a conclusion merely; the demurrer should have been sustained. The evidence was insufficient. A conviction for forgery can not be upheld if another wrote the check.

2. The burden is on the State to show that, notwithstanding the misconduct of jurors, no prejudice resulted to the rights of the accused.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The oral testimony as to what Mrs. McKiou testified on the examining trial was admissible; it was not necessary to introduce the written memorandum of her testimony. 84 Ark. 99; 33 *Id.* 272; 76 *Id.* 575; 68 *Id.* 441; 66 *Id.* 545; 33 *Id.* 539.

2. A motion for new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court. The motion does not show reasonable diligence, nor disclose the facts and circumstances under which the newly discovered evidence came to appellant's attention. 85 Ark. 179; 33 *Id.* 180; 38 *Id.* 498; 90 *Id.* 435; 91 *Id.* 492; 94 *Id.* 538. There was no abuse of discretion. 41 Ark. 229; 54 *Id.* 364.

3. The misconduct of a juror is a matter within the discretion of the trial court. 77 Ark. 118; 95 *Id.* 428; 84 *Id.* 569.

McCULLOCH, C. J. Appellant was convicted of the crime of forgery. The indictment contained another count charging uttering a forged instrument; but, as he was convicted under the first count charging forgery, the other need not be further referred to. In the indictment appellant is accused of forging the name of his mother, Belle McKiou, to a check for the sum of $25, drawn on the Lawrence County Bank, of Walnut Ridge, Arkansas, payable to himself or to bearer. A demurrer was interposed, and in support of it appellant urges that the indictment is defective in that it contains no specific allegations to the effect that the check was not signed by Belle McKiou nor authorized by her. The indictment does, however, state that appellant "did make, forge and counterfeit" the instrument in question, with the intent fraud-

ulently and feloniously to obtain possession of the property of the said Belle McKiou, and those allegations necessarily meant that Belle McKiou did not sign the check nor authorize the signing of her name to it. It is sufficient under the criminal code if an indictment contains "a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended." Kirby's Digest, § 2243.

The State introduced proof of the fact that appellant presented the check in question to the Lawrence County Bank and received the money on it. That is undisputed. Mrs. McKiou was shown to be absent from the State, and her testimony at appellant's examining trial before a justice of the peace was proved, which was that she did not sign the check nor authorize any one to draw it. Appellant testified that his mother authorized him to draw the check in her name, and that pursuant to said authority he got a man by the name of Ford to write the check and sign his mother's name to it. Other witnesses were introduced whose testimony tended to establish the fact that appellant's mother authorized him to draw checks, and this one in particular, in her name. The testimony is conflicting, but sufficient to sustain the verdict.

It is contended that appellant's testimony to the effect that Ford drew the check and signed it is uncontroverted, and that he can not be convicted of forgery where the name was signed by another person. Appellant stated that Ford drew the check and signed the name to it at his request and in his presence. Under those circumstances he was guilty of forgery, for the act of Ford in signing the name at his request was the same as if appellant had signed it himself.

The contention that the former testimony of Mrs. McKiou should have been proved by introducing the minutes of the examining trial, and not by the oral testimony of some person who heard the witnesses testify, is not sustained by the decisions of this court. *Bennett* v. *State*, 84 Ark. 97.

Misconduct of a juror was assigned as one of the errors committed; but the evidence heard by the court on that question was conflicting, and we do not think that the court erred in refusing to disturb the verdict on that ground. The affidavit of the juror was taken, and he denied the charge of having

been intoxicated during the progress of the trial, and also denied that he had, during the trial, stated to one of appellant's witnesses that "Ary was guilty and ought to be in the penitentiary." He admitted, however, that the witness, one Mamie Self, who was the most important witness in appellant's behalf, spoke to him about the case, and he replied that appellant "ought to have had his mother there." It is urged that this is sufficient to call for a reversal. It was improper for the juror to hold conversation with any other person about the case, but the remark does not show bias on the part of the juror, nor does it show that the juror was influenced by the fact that appellant's mother was absent. He was talking to a person who was manifestly friendly to appellant, and, in response to some statement of that person concerning the case, he made the above quoted remark. It sounds more like the juror meant to convey the idea that appellant was unfortunate in not having his mother at the trial, as he contended that she authorized him to draw the check.

We do not find enough in this remark to justify us in holding that it vitiated the verdict.

The only remaining question is as to the newly discovered evidence set up in the motion for a new trial and accompanying affidavit. The testimony was merely cumulative of other testimony adduced at the trial; no showing was made why it was not discovered before the trial, and for both of those reasons the motion for a new trial was properly overruled. Judgment affirmed.