Jackson *v.* State.

Opinion delivered September 24, 1923.

1. Intoxicating liquors—making mash fit for distillation—indictment.—Under Acts 1921, No. 324, § 1, providing that no mash, wort or wash fit for distillation shall be made by any person other than a person duly authorized under the laws of the United States, etc., the omission of the word "duly" in an indictment does not render the indictment defective.

2. Intoxicating liquors—making mash fit for distillation—indictment.—An indictment for making mash fit for distillation is not fatally defective which, intending to describe defendant as not being "authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic beverages or spirits for other than beverage purposes," omits the word "beverages" after "non-alcoholic," the omission being a mere clerical error.

3. Intoxicating liquors—conflicting statutes.—Acts 1921, No. 324, making it unlawful to make or ferment mash, wort or wash fit for distillation, is not invalid as not in harmony with the 18th Amendment to the Constitution of the United States.

4. Intoxicating liquors—making mash—evidence.—Evidence *held* to sustain conviction of making mash for the purpose of distilling it into spirituous liquors.

Appeal from Sebastian Circuit Court, Fort Smith District; *Jno. E. Tatum,* Judge; affirmed.

*T. S. Osborne,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, W. T. Hammock* and *Darden Moose,* Assistants, for appellee

Hart, J. Alonzo Jackson prosecutes this appeal from a judgment of conviction against him for the crime of unlawfully making mash, in violation of the statute.

The first assignment of error questions the sufficiency of the indictment. The defect complained of is in the following:

"The defendant, Alonzo Jackson, in the county, district and State aforesaid, on the 2d day of February, 1923, unlawfully, wilfully and feloniously did make mash, wort and wash fit for the distillation and the manufacture of alcoholic liquor, the said Alonzo Jackson not being a person authorized under the laws of the United States to manufacture sweet cider, vinegar, non-alcoholic or spirits for other than beverage purposes, against the peace and dignity of the State of Arkansas."

It is first insisted that, inasmuch as the statute uses the words "a person duly authorized under the laws of the United States," that the omission of the word "duly" in the indictment renders it defective. We do not think so. The words "duly authorized" as used in the statute can mean nothing more than authorized according to the statute. Hence the omission of the word "duly" takes nothing away from the meaning of the statute.

The omission of the word "beverages" from the indictment is merely a clerical error. Its omission could not mislead a person of common understanding, and does not vitiate the indictment. The rule prescribed by our statute is that no indictment is insufficient which does not tend to the prejudice of the substantial rights of the defendant on the merits. *Walker* v. *State,* 50 Ark. 532, and *Rinehart* v. *State, ante,* p. 129.

Another ground for the reversal of the judgment is that the statute in question is invalid because it is not in harmony with the 18th Amendment of the Constitution of the United States. On this point it would be sufficient to say that the act in question has been held valid by this court in *Logan* v. *State,* 150 Ark. 486. In addition it may be said that this holding is in accord with the decision of the Supreme Court of the United States in *U. S.* v. *Lanza,* 260 U. S. 377.

With regard to the question in the opinion, among other things, Chief Justice TAFT said: "We have here

two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. Each may, without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment. Each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other."

The main reliance for a reversal of the judgment is that the evidence is not sufficient to support the verdict. In this connection it may be said that the court told the jury that the words "mash, wort and wash fit for distillation" mean intended for distillation of spirituous liquors. This instruction is in accordance with the holding of the court in *Logan* v. *State, supra.*

In this view of the law, counsel for the defendant insists that the evidence is not legally sufficient to support the verdict.

The principal witness for the State was the sheriff who arrested the defendant. He obtained a search warrant and, with a deputy, searched the defendant's premises in Fort Smith, Sebastian County, Arkansas. The defendant operated a café containing confections and a drinking fountain, and connected with the rear of this was a room for pressing clothes, and on the right of it a barber shop, with a sleeping-room in the rear of it. There was also in the rear a wash or cleaning room which was cut off from the other rooms by a partition. The wash-room contained a cleaning table covered with tin or zinc, and under it was a large barrel, buried in the ground, nearly full of water, which had drained into it from the cleaning table. In an adjoining room there were two old barrels buried like the one in the wash-room. They had rotten chops in them which had begun to work. The barrels had cotton seed packed around them and some old automobile fixtures on top of them. The sheriff was of the opinion that whiskey could be manufactured

out of the chops. The defendant, when arrested, told him that he had made some "chock." A part of the contents of the two barrels containing the rotten chops was examined by a chemist, and he testified that the chops contained 6.82 per cent. of alcohol by volume.

It is true that this evidence was contradicted by the testimony of the defendant and his witnesses, but we think that the State's evidence was sufficient to warrant the jury in finding the defendant guilty. According to the testimony of the sheriff, the chops in the two barrels were fit for manufacturing whiskey. It was found concealed in two old barrels on the defendant's premises. The chemist who examined the chops testified that they contained 6.82 per cent. alcohol. The defendant admitted that he had made some "chock." Hence the jury might have fairly and legally inferred that the defendant made the mash for the purpose of distilling it into spirituous liquors.

We find no reversible error in the record, and the judgment will be affirmed.