HYDE AND SMITH v. STATE.

Opinion delivered April 13, 1925.

1. INDICTMENT AND INFORMATION—OMISSION OF WORD.—Under the rule that the omission of words in an indictment which would not mislead the accused as to the nature and character of the charge will not vitiate the indictment, *held* that the omission of the word "did" before the word "take" in an indictment for robbery did not render the indictment fatally defective.

2. CRIMINAL LAW—INCONSISTENCY OF VERDICT.—A verdict convicting two of the defendants and acquitting a third, *held* not inconsistent, under the evidence.

3. ROBBERY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of robbery.

4. WITNESSES—FOUNDATION FOR IMPEACHMENT.—Where a witness while on the stand was asked whether he had made a certain statement and denied having done so, a foundation for impeaching him was properly laid.

5. WITNESSES—IMPEACHMENT.—Where a witness testified that defendant did not rob prosecuting witness, proof of his statement that he did not go to the aid of the prosecuting witness because he did not have the courage was admissible to contradict him, after proper foundation was laid.

6. CRIMINAL LAW—INSTRUCTION.—Reading the omitted word "did" before the word "take" in an indictment for robbery in charging the jury, being a word obviously omitted, was no error.

7. ROBBERY—ALLEGATIONS OF VALUE.—It is not essential that the State prove the value of the goods stolen in a robbery case to be exactly that alleged in the indictment, and a conviction will be sustained, although the proved value is greater or less than the alleged value.

Appeal from Greene Circuit Court, Second Division; *W. W. Bandy,* Judge; affirmed.

*Jeff Bratton,* for appellants.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellants and Bruce Haley were separately indicted by the grand jury of Greene County for robbing Sam Levins. The charging part of each indictment is as follows:

"In the county and State aforesaid, on the 25th day of October, 1924, the said (naming the accused) unlaw-

fully, violently, and feloniously by force and intimidation take from the person of Sam Levins the sum of $150 in gold, silver and paper money, lawful money of the United State, of the value of $150, the property of him, the said Sam Levins.'' The cases were tried together by agreement, which resulted in the acquittal of Bruce Haley and the conviction of appellants. As a punishment for the crime, appellants were adjudged to serve a term of three years each in the State Penitentiary, from which judgment of conviction an appeal has been duly prosecuted to this court.

Appellants' first assignment of error for a reversal of the judgment is the alleged insufficiency of the indictments to charge a crime. It is argued that the indictments are fatally defective on account of the omission of the word ''did'' between the words ''intimidation'' and ''take.'' The omission of the word ''did'' does not destroy the sense or meaning of the indictment when read as a whole, for, when so read, it is manifest that the intention was to charge a taking of the money by appellants, or that appellants took the money. It is impossible to read the indictments without supplying the word ''did'' or substituting the past for the present form of the verb. This being the case, appellants could not have misunderstood the purport and effect of the charge. The omission of words in an indictment which would not mislead the accused as to the nature and character of the charge will not vitiate an indictment, as such omissions do not prejudice his substantial rights. *State* v. *Ward,* 48 Ark. 36; *Rinehart* v. *State,* 160 Ark. 129; *Jackson* v. *State,* 160 Ark. 198.

Appellants' next assignment of error for a reversal of the judgment is because of an alleged inconsistency of the verdict in convicting appellants and acquitting Bruce Haley. Appellants' contention is based upon the assertion that the evidence against the three is identical. It is unnecessary to determine and declare the rule of law applicable in such cases, for a complete answer to appellants' contention is that the evidence against the

three is not identical. Appellants were found together early next morning after the alleged robbery, with money in their possession, identified by the chief prosecuting witness as the money which had been taken away from him. This was not so in the case of Bruce Haley. Again, each one of the accused parties testified accounting for his whereabouts and conduct on the night of the robbery, and the jury may have believed Bruce Haley's explanation and disbelieved the explanations of appellants.

Appellants' next assignment of error for a reversal of the judgment is the alleged insufficiency of the evidence to support the verdict. It is not contended that the evidence detailed by the chief prosecuting witness, Sam Levins, is not sufficient to support the verdict, if believed, but that his evidence is not of a substantial nature, for the alleged reason that he was crazy drunk prior to and at the time he claimed to have been robbed. Sam Levins testified that appellants and Bruce Haley robbed him of about $150 on the night of October 25, 1924, while on his way home, after he and a number of his associates left the home of Gus Hyde, where they had been imbibing liquors (white mule) and playing craps. He admitted that he drank freely during the night, but claimed that he was not drunk or under the influence of liquor to such an extent that he did not or could not understand what happened. Certain witnesses introduced by appellants testified that, on the night and occasion of the supposed robbery, Sam Levins was drunk beyond understanding. This conflicting testimony presented an issue of fact for determination by the jury. We cannot say as a matter of law that Sam Levins was drunk on the occasion of the alleged robbery, as the undisputed evidence does not disclose that fact.

Appellants' next assignment of error for a reversal of the judgment is the admission by the court of testimony by Sam Levins to the effect that Price Wax stated, on Monday following the alleged robbery, in the presence of Squire Hays and Charley Stepp, that the reason he (Price Wax) did not go to the aid of Sam when he called

for help during a conflict in the road a short time before the robbery was that he did not have the courage to do so. This evidence was admitted as contradictory of the testimony of Price Wax, who testified that appellants did not rob Sam Levins. When Price Wax was on the witness stand, he was asked whether he made such a statement, and he denied doing so. The foundation was properly laid, therefore, for impeaching the witness, and the testimony of Sam Levins was admissible for that purpose.

Appellants' next assignment of error for a reversal of the judgment is that the court, in reading the indictment into instruction No. 1, so as to inform the jury of the crime charged against appellants, supplied the word "did" between the words "intimidated" and "take" in the indictment. No prejudice resulted to appellants on this account, for the insertion of the word "did" added nothing to the meaning of the indictment. The insertion of the word amounted to nothing more than the correction of a clerical error or misprision.

Appellants' next assignment of error for a reversal of the judgment was the giving of instructions Nos. 4, 5 and 6 to the jury by the court. It is argued that the instructions were erroneous because not responsive to the allegations of the indictment, which alleged the taking of $150, and that Sam Levins was the owner thereof, whereas the proof tended to show that a different amount was taken, and also that only $89.25 of the amount belonged to Sam Levins, and that the remainder was money which he had won in the crap game.

"It is not essential that the State should prove the value of the stolen goods to be exactly that alleged in the indictment, and a conviction will be sustained, although the proved value is greater or less than the alleged value." 36 C. J., § 396, p. 858.

It is not necessary to determine in the instant case whether the ownership of the money won in the crap game was in those who lost it or in the winner, Sam Levins. The proof tended to show that Sam Levins had $89.25 of his own money before he won any in the crap

game. If any part of the money taken belonged to him, there was no variance between the allegation and the proof, except as to the amount, and this variation is immaterial. 23 R. C. L., § 27, p. 1160.

The last assignment of error for a reversal of the judgment was the giving of instruction No. 11 by the court, defining reasonable doubt. This instruction is assailed as being argumentative. While it is unnecessarily long, we are unable to discover any argumentation therein.

No prejudicial error appearing in the record, the judgment is affirmed.