WRIGHT *v.* STATE.

Opinion delivered September 24, 1928.

*Gravette & Alexander*, for appellant.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, for appellee.

KIRBY, J. This appeal is from a conviction for robbery by appellants of one H. G. Price, who operated a billiard hall and lunch room in the town of Manila.

It appears from the record that Price closed his place of business on the night of the robbery after 12 o'clock, and, when he arrived in front of his dwelling house and started to get out of his car, he was held up and robbed of $50 in bills and from $7 to $10 in change,

1040

about 12:30 at night. There were two of the robbers, and he had previously seen the defendants, appellants, together in front of his place of business about an hour before the robbery, and he recognized and positively identified appellant Wright as the man who "held the gun on him" while he rifled his pockets, and said the other man was about the size of Jolliff. It was further stated that the defendants had admitted at the sheriff's office, while in jail, that they had done the job, and the testimony shows that they had been seen together by a number of persons on the night of the robbery. They relied for their defense upon an alibi.

It is insisted for reversal that the verdict is in conflict with the evidence, that the court erred in giving a particular clause of instruction No. 10, relative to the defense of alibi, over appellant's objection, and in not granting the motion for a new trial because of newly discovered evidence.

It is the province of the jury to pass upon the conflicts in and the weight of the testimony, and, the court having correctly instructed them on that point, and there being evidence to support the verdict, the fact that the testimony is conflicting and that the verdict may even appear to be contrary to the preponderane of the testimony, furnishes no ground for reversal. *Tiner* v. *State,* 109 Ark. 138, 158 S. W. 1087; *West* v. *State,* 150 Ark. 555, 234 S. W. 997; *Melton* v. *State,* 165 Ark. 448, 264 S. W. 965; *Evans* v. *State,* 165 Ark. 424, 264 S. W. 933; and *Hyde* v. *State,* 168 Ark. 580, 271 S. W. 330.

Neither was it an invasion of the province of the jury by the court, as claimed, in the giving in its instruction relating to the defense of an alibi, the following clause, objected to by the defendants:

"But the jury should scrutinize the testimony of the witnesses to see if some of them may not be mistaken as to dates and times when they saw the defendants, and it is proper for the jury to consider lapse of time since such occurrence happened, and whether the witnesses are likely, after such lapse of time, to be accurate

as to the precise time or hour that they saw the defendants on the night that the robbery occurred. In other words, in arriving at your conclusion on this point, the jury should consider whether it may not be true that the defendants were present at the time of the robbery, and that some of the witnesses are honestly mistaken as to the exact time they saw the defendants that night.''

The instruction does not tell the jury that they should scrutinize the testimony of defendant's witnesses only, as claimed, and is not an incorrect declaration of the law relating to the defense of an alibi as has heretofore been held by this court. *Ware* v. *State,* 59 Ark. 379, 27 S. W. 485; *Reyburn* v. *State,* 69 Ark. 177, 63 S. W. 356.

No error was committed in refusing to grant the motion for a new trial because of newly discovered evidence. Appellants did not claim, at the time the certain witnesses were introduced, whose testimony they desire now to contradict by evidence alleged to be newly discovered, that they were surprised on account of their introduction, nor did they ask for any time to be granted them or a continuance of the cause for the purpose of rebutting the statements of these witnesses, and there was no sufficient showing of diligence used in procuring this testimony, and no good reason was shown for not producing at least one of the witnesses, who was known to the defendants to have been present at the time when the occurrence testified to by the certain witnesses took place. Then, too, its effect was for impeachment largely of the statements of other witnesses. *Newton* v. *State,* 37 Ark. 333; *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677; *Ary* v. *State,* 104 Ark. 212, 148 S. W. 1032; *Osborn* v. *State,* 96 Ark. 400, 132 S. W. 210; and *Young* v. *State,* 99 Ark. 407, 138 S. W. 475.

We find no error in the record, and the judgment is affirmed.