HUNT'S DRY GOODS COMPANY, INC., *v.* RIDENOUR.

4-9611                                    243 S. W. 2d 742

Opinion delivered December 3, 1951.

*Daily & Woods,* for appellant.

*Gutensohn & Ragon* and *Lyman Mikel,* for appellee.

ROBINSON, J. The question involved here is whether there was an abuse of discretion by the trial court in

overruling a motion for a new trial which alleged newly discovered evidence. The appellee, Mrs. Ridenour, recovered a judgment against the appellant, Hunt's Dry Goods Company, Inc., in a case wherein Mrs. Ridenour claimed she was injured by falling down some steps in appellant's store. It was alleged that she fell as a result of appellant's negligence in maintaining a pipe at the steps, causing Mrs. Ridenour to trip and fall.

No alleged error occurring during the trial is urged as a ground for reversal. But, subsequent to the judgment herein, appellee's husband filed suit for loss of services on the part of his wife, and, during the investigation of the husband's claim, those interested in defense of the case interviewed Mrs. Hazel McClain, who had testified in appellee's behalf at the trial in Circuit Court. Mrs. Ridenour had stayed at Mrs. McClain's home for some days after the alleged injury occurred. Mrs. McClain testified as to Mrs. Ridenour having suffered pain and did not testify on any other point.

In the interview with Mrs. McClain, during investigation of the husband's claim, she detailed an alleged conversation had with Mrs. Ridenour a short time following the alleged injury, and, according to Mrs. McClain, Mrs. Ridenour had given a different version of how the injury occurred to that given in her testimony at the trial. Mrs. McClain quoted Mrs. Ridenour as having said she fell at the bottom step in a manner that would not constitute negligence on the part of the defendant. Mrs. McClain gave an affidavit as to what she claimed Mrs. Ridenour had said about how the accident happened, and this affidavit was made the basis of a motion for a new trial on the ground of newly discovered evidence. After a hearing on the motion and after listening to argument of counsel, the trial court overruled the motion. Such action of the trial court is urged here as error calling for the granting of a new trial.

To a large extent appellant relies on the case of *Arkansas Power & Light Company* v. *Mason*, 191 Ark. 804, 87 S. W. 2d 988. However, there is quite a distinction between that case and the case at bar. The motion for

a new trial on the ground of newly discovered evidence in the Mason case went off on a demurrer, the court having sustained a demurrer to the motion. On appeal this court held that the allegations in the motion were sufficient to call for a hearing on its merits, and sent the case back for that purpose. Hence, the only point decided in the Mason case by this court was that the allegations in the motion for a new trial were sufficient to call for a hearing of the motion on its merits; that the allegations in the motion were good as against a demurrer.

The situation is different in the case at bar. Here no demurrer was filed and the motion was heard on its merits. The court had an opportunity to observe Mrs. McClain at the trial of the case in chief. Furthermore, the court was aware of the opportunity the appellant had to interview Mrs. McClain at the time of the trial. Also, the trial court considered the probable effect of the newly discovered evidence would have in another trial.

In the case of *Camden Fire Ins. Ass'n* v. *Reynolds,* 190 Ark. 390, 79 S. W. 2d 54, Mr. Justice BUTLER, speaking for the court, said: "The trial court heard testimony on this motion, and found that this evidence was discovered after the trial which could not have been discovered by the defendants prior thereto; that due diligence had been used in trying to discover this evidence; that it was relevant and material, and not cumulative to the evidence adduced, but not of such character and cogency as might probably change the result if a new trial were granted. This motion was addressed to the sound discretion of the trial judge, and it is only where the discretion is abused that we will review his actions."

In 39 Am. Jur. 172, § 165, the rule is stated as follows: "To constitute sufficient ground for a new trial, newly discovered evidence must not only be relevant and material to the principal issues in the case, but must be sufficiently strong to make it probable that a different result would be obtained in another trial. The new evidence must be of a decisive and conclusive character, or at least such as to render a different result reasonably certain. Newly discovered evidence, in order to justify

the granting of a new trial, must be such as might reasonably be expected to change the result, and an applicant for a new trial upon this ground must show that the evidence upon which he relies is of such a character as to give a reasonable assurance that it will work a different result upon a retrial. A dispute as to whether the new evidence has this probative effect is to be determined primarily by the trial court in its discretion. Nor will a reversal be ordered unless an abuse of discretion is disclosed.''

The motion was addressed to the sound discretion of the trial court and this court will not reverse unless there has been an abuse of that discretion. We cannot say that there was an abuse of discretion by the court in overruling the motion.

Affirmed.