JOHNSON *v.* STATE.

4778                                      270 S. W. 2d 907

Opinion delivered July 5, 1954.

[Rehearing denied October 4, 1954.]

*Willis V. Lewis,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant, Rennie Johnson, owner and operator of the Tip-On-Inn Cafe in North Little Rock, Arkansas, was charged by information with murder in the second degree for the killing of Jessie Lairy. Trial was had on November 20, 1953, and the jury returned a verdict of guilty of murder in the second degree, fixing punishment at confinement in the State penitentiary for 7 years. From that conviction comes this appeal.

It appears that at about 4:30 on the afternoon of March 7, 1953, Lairy was in appellant's place of business in North Little Rock when appellant came in from his home where he had been resting and ordered Lairy to leave the cafe. There is a conflict of evidence concerning appellant's reason for ordering Lairy's departure, the appellant and his witnesses testifying that Lairy was using objectionable language, while State's witnesses related Lairy was simply urging an elderly woman to leave with him and used but one comparatively mild expression of profanity. All witnesses agreed that appellant led Lairy to the door after the two had quarrelled, but from that point the evidence is again conflicting. The State's witnesses testified that after putting Lairy out of the

cafe, appellant closed the door, obtained a pistol from a box on the cafe counter, then went outside and started a fight with and shot Lairy who was attempting to get into his car parked some 15 to 20 feet north of the door of the cafe. On the other hand, appellant, his wife and an employee testified that appellant had the gun on him at all times, that he continued out the front door with Lairy, and that as the two stepped out the door Lairy turned on him with a knife. Appellant asserted that he shot in self-defense from a crouched position while Lairy was attacking him, and explained his possession of the loaded pistol as a custom he had adopted for protection in taking his money home at night. The police who investigated the incident testified they found Lairy's corpse lying approximately in the middle of the street running in front of the cafe and that the body's right hand clutched a blood-covered knife at the time they found it. Appellant was bleeding profusely from a severe cut in his neck and a stab in his left shoulder or arm. The State's witnesses saw neither the knife nor any cutting, but there was some scuffling when appellant drew his pistol and shot Lairy twice. Appellant and his witnesses asserted that the cutting preceded the shooting. There was one bullet wound in deceased's chest just below the collar bone and one in his back under the left shoulder blade.

It is first argued that the evidence is insufficient to sustain the verdict. Appellant says the jury failed to observe certain discrepancies and prejudices revealed in the testimony of the witnesses for the State. The same argument might be made regarding the testimony offered by appellant. Appellant admitted the killing and the questions whether it was done feloniously, maliciously and while appellant was acting as the aggressor, or whether it was done in appellant's necessary self-defense, were submitted to the jury under conflicting evidence and correct instructions. According to the testimony offered by the State, appellant was the aggressor in the encounter and shot Lairy without provocation while the latter was acting in his own necessary self-defense. Al-

though this testimony was sharply disputed, it was the jury's exclusive function to determine the credibility of the witnesses and the weight to be given their testimony. It is also well settled that in determining sufficiency we must give the testimony tending to support the verdict its highest probative value. *Powell* v. *State,* 213 Ark. 442, 210 S. W. 2d 909. When measured by this rule, the evidence here was sufficient to support the conviction of murder in the second degree.

Subsequent to trial, there were filed three affidavits. The first of these set out that the four affiants were present at the Tip-On-Inn Cafe the day of the shooting, that they all saw Lairy, without provocation, stab appellant, and that Lairy would have killed appellant except for his being shot. It further stated that these affiants knew that two witnesses for the State were not present and could not have seen the shooting as they testified at the trial. The second affidavit, of the same four affiants, recited that they had purposely concealed their knowledge of the facts because they did not want to become involved, and that they would not have disclosed said facts before the former trial. The third affidavit was made by appellant and set out that the statements of the four affiants were true to his best knowledge and belief, that this new evidence could not, with reasonable diligence, have been produced at the trial, that the evidence is not merely cumulative or impeaching in character, and would probably have changed the results had it been offered at the trial. It has repeatedly been held that a motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court whose decision will not be reversed unless an abuse of that discretion is shown. *Karnes* v. *Gentry,* 205 Ark. 1112, 172 S. W. 2d 424; *Hunt's Dry Goods Co.* v. *Ridenour,* 219 Ark. 628, 243 S. W. 2d 742.

Here, the testimony of appellant's witnesses at the trial was to the effect that appellant killed Lairy in self-defense, after an assault with a knife had been made upon him. They had further testified that the State's witnesses who the affiants state were not present were

absent at the time of the killing. Thus, the offered testimony of affiants would be merely cumulative of evidence already adduced at the trial. There was no abuse of discretion in the trial court's refusal to grant a motion for new trial based on evidence that is merely cumulative. *Jones* v. *State,* 196 Ark. 176, 116 S. W. 2d 610; *Thurman* v. *State,* 211 Ark. 819, 204 S. W. 2d 155. In addition there was no satisfactory showing made why the evidence was not discovered before trial. See *Ary* v. *State,* 104 Ark. 212, 148 S. W. 1032.

Appellant contends that the verdict was excessive, but it is clearly within the limits prescribed by Ark. Stats., 41-2228, and there is no merit to this contention.

Error is also assigned in the overruling of a motion to quash the information on the ground that it read: "And with a unlawful and felonious intent then and there, him, the said Rennie Johnson, wilfully and maliciously to kill and murder," when the wording should have been: "and with an unlawful and felonious intent then and there, him, the said Jessie Lairy, wilfully and maliciously to kill and murder." The court reuled that the error was a typographical one, and that the information was sufficient to apprise the defendant of the crime with which he was charged. It does not appear that appellant made a timely motion to quash the information. Ark. Stats., § 43-1206 provides: "Upon the arraignment, or upon the call of the indictment for trial, if there is no arraignment, the defendant must either move to set aside the indictment, or plead thereto." In the present case, appellant was arraigned September 8, 1953, at which time he entered a plea of not guilty. The motion to quash came after trial had begun. In discussing § 43-1206, *supra,* in *Whitted* v. *State,* 188 Ark. 11, 63 S. W. 2d 283, we held that it contemplated that the accused should present his objections to the return of an indictment before trial. See also, *Ogles* v. *State,* 214 Ark. 581, 217 S. W. 2d 259. The objection to the information here came too late. Even if it had been timely made the prosecuting attorney could have amended without changing the nature of the offense charged.

We have examined other assignments of error in the motion for new trial and find no merit in them. The judgment is, therefore, affirmed.