Jesse FERGUSON *v.* STATE of Arkansas

CR 74-165 521 S.W. 2d 546

Opinion delivered April 21, 1975

*Lady* and *Webb*, by: *Kelley Webb*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Jack T. Lassiter*, Asst., for appellee.

J. FRED JONES, Justice. The appellant Jesse Ferguson, along with one Robert E. Foshee, was charged by information filed by the prosecuting attorney, with the crime of "Armed Robbery committed as follows, to-wit: That the said Defendant(s) did on or about the 24th day of May, 1973, in the District of Poinsett County, Arkansas, unlawfully, violently, feloniously, by force and intimidation, and by use and employment of a firearm, namely a rifle, take from the person of one Ralph Morgan the sum of $250 in currency. . . ."

At a jury trial the appellant was found guilty and his punishment fixed at a term of four years in the Arkansas Penitentiary on the charge of robbery, with an additional two and one-half years added for the use of a firearm. The trial court entered judgment accordingly with the two and one-half years to run consecutively to the four years.

The appellant did not appeal from the judgment so entered but on January 15,1974, he filed an ex parte petition for post-conviction relief under the Criminal Procedure Rule No. 1. He alleged in his petition that his conviction in connection with the use of a firearm was invalid because he was not informed of that part of the charge by indictment, warrant, or otherwise, and was not aware that he was to be tried "for the weapon charge in addition to the charge of armed robbery." The appellant also contended that "armed robbery" is not a criminal offense provided by law or statute, and that his con-

viction of armed robbery and also using a firearm in the commission of a felony, placed him in double jeopardy in violation of his constitutional rights. The trial court denied the appellant's petition for relief under findings of fact recited by the trial court as follows:

> "1. On the 10th day of October, 1973, the petitioner, after a trial was found guilty by a jury of Armed Robbery and guilty of Commission of a Robbery with a Firearm and his punishment was set at four years in the State Penitentiary for Robbery and two and one-half years for Commission of a Robbery with a Firearm. The court entered judgment on said verdict and sentenced petitioner to a term of six and one-half years, said four year sentence and two and one-half sentence to run consecutively and petitioner was committed to the Department of Correction for the State of Arkansas. An appeal was not prosecuted. Throughout these proceedings, petitioner was represented by Michael Everett, Attorney, of Marked Tree, Arkansas, appointed counsel.

> 2. On the 15th day of January, 1974, petitioner filed a petition herein seeking post-conviction relief, alleging that he was not informed by indictment or a warrant that he was to be tried for the weapon charge in addition to the charge of Armed Robbery; that said charge is not provided by law or statute; that said charge placed petitioner twice in jeopardy; that said charge represents an attempt by the prosecution to enhance the punishment and the finding and sentence is otherwise subject to collateral attack because the evidence does not substantiate the verdict or the sentence."

On appeal to this court the appellant has designated the points he relies on for reversal as follows:

> "Petitioner was not informed by indictment, warrant or otherwise aware that he was to be tried for the weapon charge in addition to the charge of armed robbery.

> The aforementioned charge is not provided by law or statute.

The aforementioned charge placed the petitioner twice in jeopardy.

The aforementioned charge represents an attempt by the prosecution to enhance the punishment received for being found guilty of armed robbery.

The finding and sentence is otherwise subject to collateral attack because the evidence does not substantiate the verdict or the sentence."

The appellant's first point was answered adversely to his contention in our recent case of *Haynie* v. *State*, 257 Ark. 542, 518 S.W. 2d 492 (1975), and we find no merit to this contention. The appellant's other points are likewise without merit. The crime of robbery is defined in Ark. Stat. Ann. § 41-3601 (Repl. 1964) as:

". . . the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of intimidation is not material, further than it may show the intent of the offender."

"Robbery" and "armed robbery" are not designated by statute as separate crimes in Arkansas but we hold, that the word "armed" preceding the word "robbery," as used in the information in the case at bar, was simply descriptive of the nature of the force or intimidation allegedly employed and, as further explained in the information, by use of the words "by use and employment of a firearm, namely a rifle. . . ." The proper time to object to the form of an information or indictment is at the arraignment or call of the indictment for trial. Ark. Stat. Ann. § 43-1206 (Repl. 1964); *Johnson* v. *State*, 223 Ark. 929, 270 S.W. 2d 907. We find no merit to appellant's points two, three and four.

As to the appellant's last point, Ralph Morgan, the robbery victim, testified as to the intimidation by the robber in carrying a rifle under his right arm and waving it at him (the victim) when he (the robber) demanded the money. A nine year old boy, who was also an eyewitness to the robbery,

testified as to the use of a rifle in the commission of the crime.

The judgment is affirmed.

BROWN and FOGLEMAN, JJ., concur; BYRD, J., dissents.

JOHN A. FOGLEMAN, Justice, concurring. I concur because not a single point raised by appellant is cognizable under Criminal Procedure Rule 1. There were effective procedures available to appellant in his trial and on direct appeal, for consideration of every question raised by him. No showing is made that he was in any way prevented from raising them. There is no imperative to provide an additional collateral review. *Houser* v. *United States*, 508 F. 2d 509 (8th Cir., 1974). Rule 1 is not a substitute for a direct appeal. Questions of sufficiency of the evidence and errors of law or fact must be raised on direct appeal. Defects in and sufficiency of an indictment or information are not cognizable in the absence of a showing of exceptional circumstances, where the questions raised are of great importance, the need for remedy apparent and the offense charged was one over which the sentencing court was manifestly without jurisdiction. The double jeopardy clause also falls in the category of pretrial matters not ordinarily cognizable. Insufficiency of the evidence is clearly not a proper basis for a collateral attack. See *Houser* v. *United States*, supra.

I am authorized to state that Mr. Justice Brown joins in this opinion.