Jeffrey INGRAM *v.* STATE of Arkansas

CA CR 94-240 891 S.W.2d 805

Court of Appeals of Arkansas
Division II
Opinion delivered January 25, 1995

*John F. Gibson, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant was convicted of two counts of delivery of a controlled substance and sentenced to 10 years in the Arkansas Department of Correction. He argues that the conviction is void as the information was brought in the name of the deputy prosecuting attorney, that certain testimony

was inadmissible hearsay, and that a facsimile copy of a crime lab report was inadmissible. We find no error and affirm.

■ The information was brought in the name of a deputy prosecuting attorney and signed by the deputy prosecutor on behalf of "Sam Pope, Prosecuting Attorney." Appellant argues that the information must be brought in the name of the prosecuting attorney and should begin with the name of the prosecuting attorney to be valid. We need not address this as appellant failed to object to the information in the proceedings below. Arkansas Code Annotated § 16-85-705 (1987) states, "Upon the arraignment or upon the call of the indictment for trial, if there is no arraignment, the defendant must either move to set aside the indictment or plead to it." An objection to the form or sufficiency of an information must be made prior to trial. *Meny* v. *State*, 314 Ark. 158, 861 S.W.2d 303 (1993); *Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *Ferguson* v. *State*, 257 Ark. 1036, 521 S.W.2d 546 (1975). As appellant failed to object prior to trial, he failed to preserve error.

■ Secondly, appellant argues that Officer Dennis Roberts' testimony that he believed that his investigative report erroneously stated the time that the drug purchase occurred, was inadmissible hearsay. Officer Roberts was the supervisor of Officer Rita Hoover, who testified that she purchased cocaine from appellant on December 2, 1992, at 7:25 p.m. Officer Hoover reported to Officer Roberts the details of the December 2, 1992, drug purchase. Officer Roberts did not participate in the purchase and testified that he did not have any independent recollection as to what Officer Hoover told him as to the time that the purchase transpired. Officer Roberts' investigative report stated the purchase occurred at 10:25 p.m. Officer Roberts testified that he believed that 10:25 p.m. was incorrect, perhaps a typographical error, as his cover sheet and Officer Hoover's report stated 7:25 p.m. Appellant introduced the reports of both officers to show the discrepancy, but argued that Officer Roberts be prohibited from testifying that he believed that his report stated an incorrect time because Officer Roberts had no personal knowledge concerning the drug purchase and was relying on Officer Hoover's report. Although Officer Roberts said he believed 7:25 p.m. to be correct, he also stated that he believed his report stating 10:25 p.m. accurately reflected what Officer Hoover told

him. The time of the occurrence was for the jury to decide, and appellant has not demonstrated any error or prejudice by Officer Roberts' testimony.

Thirdly, appellant argues that a facsimile copy of a crime lab report was inadmissible. Arkansas Code Annotated § 12-12-313(a) (1987) states:

> The records and reports of autopsies, evidence analysis, drug analysis, and any investigations made by the State Crime Laboratory under the authority of this subchapter shall be received as competent evidence as to the matters contained therein in the courts of this state subject to the applicable rules of criminal procedure when duly attested to by the executive director or his assistants, associates, or deputies.

Before the trial, appellant waived his right to require the presence of the analyst. At trial he agreed to the admission of an attested copy of the analyst's report but objected to admission of a facsimile of the attested copy. The court, however, admitted into evidence a facsimile copy of the crime lab report that contained the analyst's attestation. Arkansas Rule of Evidence 1003 (1994) provides:

> A duplicate is admissible to the same extent as the original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Appellant never questioned the authenticity or continuing effectiveness of the original drug analysis report, and the court noted that there was no question about the report's accuracy. Therefore, we find no error. *Robinson* v. *State*, 317 Ark. 512, 879 S.W.2d 419 (1994).

Appellant's conviction is affirmed.

MAYFIELD and COOPER, JJ., agree.