GEORGE KERSH, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] An indictment is sufficiently technical and correct if it state the offence so plainly that it may be easily understood by the jury.

[2.] In an indictment for forcible entry and detainer, the prosecutor who was dispossessed, or from whom the possession is detained, is a competent witness.

Indictment for forcible entry and detainer, from Worth County. Tried before Judge POWERS, April Term, 1857.

George Kersh was indicted for forcibly entering into cer tain premises occupied by Robert G. Ford, and expelling him therefrom and detaining the possession with force and arms, and contrary to law.

The defendant pleaded not guilty.

*Robert G. Ford*, the prosecutor, sworn, testified, that the lot of land in question had been in possession of himself or his tenants for 17 or 18 years. In the spring of 1855, a por tion of the fence around a field covering lands in lots No. 2 and 3 was burnt; (No. 2 is the lot from which prosecutor was expelled,) seven or eight acres of No. 2 was embraced in this field. After the fence was burnt, Kersh moved the rails and enclosed that part of the field on No. 2, and has kept possession of it ever since, refusing to give it up. Pre vious to the finding of the indictment, he made a demand on Kersh for the land, in the court-house in the county of Worth, and he, in a violent and threatening manner, refused to de liver the possession, and said if he bothered him about the land, he would shoot him ; if he didn't, damn his soul; that he should never have the land; if he did, it would be the last of him.

Another witness was sworn, who confirmed and sustained Ford as to the demand and defendant's reply; and similar language by Kersh about Ford was proved by other witness es; that when Ford approached him in the court-house, he

did it civilly and politely; that there was and had been for some years a bad and bitter state of feeling between them. There was in the whole clearing some fifteen or twenty acres; it was not attached to Ford's plantation; there was a wood lot between them; that Kersh fenced on lot No 2 about a quarter of an acre adjoining his plantation, and from the appearance of the fence, it might have been done four or five years. In the spring of 1855, a tenant of Ford's commenced ploughing on the cleared land, but when the fence burnt, he gave it up and went off. Some time elapsed after the burning of the fence before Kersh enclosed and took possession of the land cleared on lot No. 2. At the time he took possession there was no dwelling or other house on either of said lots, and no one was working it at the time, or living on it.

A witness proved that he and another man cleared the land about twenty-four (24) years ago, and after they left, Ford took possession, some eighteen years ago, and had retained the possession, either by himself or tenants, until the spring of 1855, when Kersh took possession.

The jury found the defendant guilty of forcible detainer.

Counsel for defendant moved in arrest of judgment, on the following grounds,

1st. Because the charge in the indictment is not in the language of the penal code, or in words equivalent thereto.

2d. Because the indictment is for the two offences of forcible entry and detainer.

3d. Because the verdict is only for one, and not a general verdict—the two being necessarily combined on the trial.

The Court overruled said motion in arrest of judgment, and counsel excepted.

Counsel for defendant then moved for a new trial.

1st. Because the verdict was contrary to evidence.

Kersh vs. The State.

2d. Because the verdict was contrary to the weight of evidence.

3d. Because the verdict was contrary to law.

4th. Because the Court erred in admitting the evidence of Ford, who was prosecutor and claimed the possession of the land in dispute, and entitled to restitution, and was, therefore, interested in the event of the prosecution, and objection having been made to his competency when sworn, and which the Court overruled.

5th. Because the Court erred in charging the jury, that the detaining said land, there being no dwelling, and in the situation it was in, if forcibly detained, was a violation of the statute, if they were satisfied that Ford had been recently in peaceable possession and having the right of possession.

6th. Because the Court erred in charging the jury, that any threat or menaces by defendant, or otherwise keeping Ford out of possession of the land which he had possession of at the time Kersh took possession, or shortly before, made him guilty of forcible detainer.

7th. Because, under the pleadings and evidence, there should have been a general verdict of guilty or not guilty on both charges.

The Court overruled all the grounds for new trial, and refused the same, and counsel for defendant excepts and tenders his bill of exceptions.

CLARK & JOHNSON, for plaintiff in error.

STROZIER; and HALL, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

On the argument of this cause in this Court, all the assignments of error were abandoned except those founded on the motion in arrest of judgment, and the refusal of a new trial on the ground that Ford was an incompetent witness; and that the verdict of the jury was contrary to evidence.

13 VOL. XXIV.

[1.] The indictment states the offence so plainly, that the nature of the offence may be easily understood by the jury. Every act necessary to constitute the offence is substantially charged against the accused, in the indictment, and that is sufficient. *Cobb*, 833.

[2.] The injured party is a competent witness. *Cobb*, 836. Ford was therefore properly admitted.

It being conceded by counsel for the plaintiff in error, that if Ford was a competent witness, the verdict of the jury was not contrary to evidence, we affirm the judgment of the Court.

Judgment affirmed.