GEORGE W. DEAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where an indictment was found against a party containing two counts— one for assault with intent to murder, by using a knife, etc., and the second for stabbing—and a motion was made to quash the indictment upon this ground, which the Court overruled, and the case proceeded, and, under the evidence, the jury, by general verdict, found the prisoner guilty, and a motion in arrest of judgment was made upon the grounds—first, that there was a misjoinder of counts, and that the prisoner had not been furnished with a copy of the indictment or list of witnesses, nor had waived them; and, second, upon the ground that the jury found a general verdict of guilty, which motion the Court overruled:

*Held,* That the Court below committed no error in the judgment announced in this case. Under the Code, section 4303, this indictment was good, and the Constitution of Georgia, in the declaration of rights, provides for furnishing the copy and list of witnesses, etc., *on demand* of prisoner, and this constitutional provision controls the section of the Code 4241 upon this subject.

The law presumes that a general verdict of guilty was intended as a verdict of guilty of the highest offense charged in the indictment. (R.)

Criminal law. Before Judge STROZIER. Decatur Superior Court. April Term, 1871.

This indictment against Dean contained two counts. In the first, he was charged with assaulting one Andrews, with a knife, with intent to murder him, giving time, place, etc. In the other, giving same time, place, etc., he was charged with having stabbed said Andrews with a knife. His coun-

Dean *vs.* The State of Georgia.

sel moved to quash the indictment, because of said joinder of counts. The motion was overruled, and it was ordered that the trial should proceed. No copy of the bill of indictment, or of the list of witnesses sworn before the grand jury, was handed to Dean or his counsel; they made no demand therefor, nor any waiver of it. Indeed, nothing was said or done as to that matter.

He pleaded not guilty, was tried, and the jury found a general verdict of guilty. There was a motion to arrest the judgment, because the defendant had never been furnished with the copy of the bill of indictment and list of witnesses sworn before the grand jury; because of said joinder of counts, and because, under the general verdict, the Court could not pronounce sentence. This motion was overruled, and the prisoner was sentenced to the penitentiary for two years. The refusal to quash and to arrest the judgment, are assigned as error.

SIMS & CRAWFORD, J. E. BOWER, for plaintiff in error.

No appearance for the State.

LOCHRANE, Chief Justice.

This was an indictment for the offense of assault with intent to murder, tried in Decatur county. A motion was made to quash the indictment, upon the ground that there was a misjoinder of counts in the same instrument, which was overruled by the Court. The case proceeded to trial and the jury found a general verdict of guilty, upon which a motion was made in arrest of judgment, upon the ground, first, that the defendant was not furnished, previous to his arraignment, with a copy of the indictment and a list of the witnesses who gave testimony before the grand jury, nor did he waive the same; second, because there was a misjoinder of counts in the bill of indictment, viz: a count for an assault with intent to murder, and a count for stabbing; third, because the jury found a general verdict. The Court over-

ruled the motion in arrest of judgment, and sentenced the prisoner to two years in the penitentiary.

Under the facts in this case, we are satisfied the Court ruled properly in overruling the motion for arrest of judgment upon the first ground. The Constitution of Georgia, in its declaration of rights, declares that every person charged with an offense against the laws shall have the privilege and benefit of counsel; shall be furnished, *on demand,* with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded. This constitutional provision overrides all legislative enactments upon the subject; and section 4541, Code, must be construed with such constitutional provisions. The principle of law laid down in the case of *Hoy vs. The State,* has been misunderstood by the bar, in holding that nothing was waived by the prisoner except it was expressly waived. *That case* turned upon the jurisdiction of the Court, which, by a host of decisions, had to be expressly waived to bind the prisoner in cases where it could be done. But in the progress of a case, before a Court of competent jurisdiction, the prisoner may, by his silence, or failure to take exceptions to irregularities transpiring in his presence, bind himself by such waivers, and the Court will not afterwards interfere.

As to the second ground, the bill of indictment alleges, in the first count, "that the defendant did commit an assault with intent to murder with a knife," etc., and in the second count it "charged the offense of stabbing." Under section 4303 of the Code, it is provided that if the facts and circumstances show that it was the intention of the person stabbing to commit the crime of murder, then and in such case the offender shall be guilty of an assault with intent to commit murder." Under the peculiar language of this Act, as well as the circumstances of the case, we are satisfied the Court below overruled properly the second ground taken in arrest of judgment.

And in finding a general verdict of guilty, the presump-

tion of law was, that they found him guilty of the highest offense charged in the indictment, and the judgment inflicted was in accordance with law.   As to the original motion to quash the indictment, we think the Court ruled properly, whatever might have been his duty on a motion to compel the State to elect on what count they would try the prisoner. It was clearly not his duty to quash the indictment.

Judgment affirmed.