### 3843.    FLAHIVE *v.* THE STATE.

HILL, C. J. 1. The legal questions raised by the assignments of error in this case, in the main, are of the same general character as those dealt with by this court in the cases of *Cassidy* v. *State*, ante, 123 (72 S. E. 939), and *Jackson* v. *State*, ante, 142 (72 S. E. 941), and are fully controlled by the decisions in these cases.

2. After the jurors had been out for some time considering their verdict, it was not error for the trial judge to have them brought into court and to inquire if they were likely to make a verdict, and how they stood. While the practice of asking a jury in a criminal case how they stand is not approved by a majority of this court, yet where the trial judge says nothing by way of intimation or expression of an opinion on the facts, or to induce the jury to make a verdict, the mere inquiry would be presumptively harmless, and especially so in a case like the present one, where the evidence for the prosecution demanded the verdict of guilty. *Ball* v. *State*, 9 *Ga. App.* 162 (70 S. E. 888).

3. The following charge of the court not only embodied a correct principle of law, but was concretely applicable to the evidence in the case: "I charge you that if one lives at or near his place of business and keeps on hand alcoholic, spirituous, or intoxicating liquors in his dwelling house, and said dwelling house is used in connection with his place of business as part of the place of business, and the purpose of keeping such liquors in said dwelling is to have such liquors conveniently located to the immediate place of business, such dwelling house would be in law a part of the place of business, and such keeping on hand with such purpose would be a violation of the law, and would be having and keeping on hand alcoholic, spirituous, and intoxicating liquors at one's place of business."

26

4. The following excerpt from the charge contains a correct principle of law and one pertinent to the evidence in the case: "I charge you that all parts of one's place of business, including rooms, closets, stairs, yards, and courts used in connection with the place of business itself, are a part and parcel of the place of business."

5. No error of law appears, and the evidence strongly supports the verdict.

*Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Accusation of violation of prohibition law; from city court of Macon—Judge Hodges. October 7, 1911.

*John P. Ross,* for plaintiff in error.

*Walter J. Grace, solicitor,* contra.