### 13851.   COOK *v.* THE STATE.

BLOODWORTH, J.  1. Where the judge in his order overruling a motion for a new trial in a misdemeanor case stated that " the case was very short, was in no sense complicated, involved only a question of fact and practically one fact alone, and the jury had been considering it more than

an hour," and where it appeared that during the time the jury was considering the case the judge twice, and about a half hour apart, had the jury asked if they had agreed upon a verdict, and each time they stated they had not, and that when the second message was received from the jury the judge said to the officer in charge of them, " Go back and tell the jury to hurry up and make a verdict if they can agree, as I am going to adjourn court in about five minutes," and where, according to the affidavit of the sheriff, " in about ten minutes the jury reported that they had made a verdict," *held,* that under the particular facts of the case the message sent to the jury by the judge did not amount to coercing them to find a verdict.

2. The evidence amply supports the finding of the jury, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

Indictment for fornication and adultery; from Butts superior court — Judge Searcy. June 28, 1922.

*J. T. Moore, C. L. Redman,* contra, cited: 150 *Ga.* 680, and cit.; 31 *Ga.* 625; 136 *Ga.* 555; 10 *Ga. App.* 401; Id. 507 (3); 9 *Ga. App.* 162; 122 *Ga.* 155; 2 *Ga. App.* 757, distinguished.

*E. M. Owen, solicitor-general,* contra, cited 2 *Ga. App.* 757.

Luke, J. I do not concur in the judgment of affirmance in this case. The trial judge should never undertake to hurry up a jury in reaching a verdict. It makes no difference how short the case may be or how slightly at variance the facts may be. The jury should be left free to determine the issue. In my opinion, it was reversible error for the court to send a message to the jury " to hurry up and make a verdict." The court should have declared a mistrial, if in his opinion it was proper.