PHARES *v.* STATE.

Opinion delivered April 2, 1923.

1. CRIMINAL LAW—CONDUCT OF TRIAL.—Where a jury reported their inability to agree, it was not error for the foreman to retire with the judge and counsel for each side and there state the question upon which the jury was divided, especially where no objection was made until after the statement was made, and where the court, in a subsequent instruction, repeated the juror's statement to the others.

2. HOMICIDE—SELF-DEFENSE—INSTRUCTION.—In a prosecution for murder, where the defense was self-defense, an instruction as follows, "Now, you are the judges as to what the circumstances were at the time on the part of the defendant, and in determining these things the best thing I can suggest to you would be to ask yourself the question, 'What would you have done under similar circumstances?'" *held* not error, as the instruction merely required the jury to determine what the circumstances were as they appeared to defendants, and then, as men of ordinary caution, prudence and diligence, to determine what they would have done under such circumstances as they appeared to defendant.

3. CRIMINAL LAW—LENGTH OF INSTRUCTION.—The fact that an oral instruction was unusally long does not constitute reversible error.

4. CRIMINAL LAW—LENGTH OF INSTRUCTION.—Where the trial judge is apprehensive of a mistrial, he should be allowed some discretion

in the length to which the instructions shall extend in his en-
deavor to elucidate the issues so that the jury may not be
mistaken about the law.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; affirmed.

*Bogle & Sharp,* for appellant.

The court should not have discussed the facts with
the jury, and erred in its instruction telling the jury
how they should determine whether defendant acted in
self-defense. *Flynn* v. *State,* 43 Ark. 289; *Polk* v. *State,*
45 Ark. 165; *Stephens* v. *Oppenheimer,* 45 Ark. 292;
*Keith* v. *State,* 49 Ark. 165; *Blankenship* v. *State,* 55 Ark.
244; *Mitchell* v. *State,* 125 Ark. 260; *Parker* v. *State,*
130 Ark. 234; *Scott* v. *State,* 109 Ark. 391; Clark, Crim-
inal Law, 152; 1 McLain's Criminal Law, 306; 1 Whar-
ton's Criminal Law, 488; *Smith* v. *State,* 59 Ark. 132;
*Magness* v. *State,* 67 Ark. 603. A correct instruction on
the point could not remove the prejudice. *Selden* v.
*State,* 55 Ark. 393; *Burton* v. *State,* 85 Ark. 48; *Jones*
v. *State,* 89 Ark. 213; *Pleasant* v. *State,* 13 Ark. 360; 14
R. C. L. 777. Court erred also in retiring with one juror
away from the others and discussing with him the ques-
tion he said the jury was in disagreement about. 109
Ark. 193. The court should not have gone over the in-
structions again, it not being requested by the jury, and
the oral instruction was long and necessarily confusing
to the jury. 14 R. C. L. 778. The instruction amounted
to an argument by the court.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

The record does not warrant the statement of coun-
sel that the court discussed the facts with the jury. The
instruction on self-defense given on the court's own
motion is a correct statement of the law. No error was
committed in the court's admonition to the jury, after
it had returned and announced its inability to reach a
verdict, and there was no objection made to it anyway.
*Yazoo & Miss. Val. Ry.* v. *Solomon,* 123 Ark. 66; *L. &*

*A. Ry.* v. *Woodson,* 192 S. W. (Ark.) 174. Nor in instructing the jury again on its request. No objection was made to the court's retiring with the one juror and defendant's attorney for information of the question of the jury's disagreement, and it can't be complained of now. 2 R. C. L. 92; *Southeastern Tel. & Tel. Co.* v. *Abeles,* 94 Ark. 254. If the instructions were over-long they were not incurred, and if objected to as argumentative, the point was not saved in the motion for new trial. *Kilpatrick* v. *Rowan,* 119 Ark. 175; *Thomas* v. *Jackson,* 105 Ark. 353.

SMITH, J. Appellant was indicted for murder in the first degree, and upon his first trial was convicted of murder in the second degree. He appealed to this court, and in the opinion reversing the judgment of conviction a statement of the facts may be found. *Phares* v. *State,* 155 Ark. 75.

Upon the remand of the cause he was convicted of voluntary manslaughter and given a sentence of two years in the penitentiary, and has again appealed. The testimony is substantially the same as it was on the former appeal.

Four assignments of error are urged for the reversal of the judgment. They are: First: That the court should not have discussed the facts with the jury and expressed his opinion concerning same. Second: That the court erred in instructing the jury that it was their duty, in determining the question of whether or not the defendant acted in self-defense, to ask themselves the question, ''What would I have done under similar and existing circumstances?'' Third: That the court should not have taken one of the jurors away from the other members of the jury and discussed with him the facts in the case. Fourth: That the instructions of the court are inconsistent and contradictory, and so long that they cannot be understood, and are argumentative and prejudicial.

Counsel for appellant do not discuss these assignments of error separately, nor shall we do so, as they can be more satisfactorily considered together.

It was the theory of the State that appellant went to the houseboat, where deceased was living in adultery with appellant's wife, and, after lying in wait for some hours behind a tree, killed deceased as he emerged from the boat in the early hours of the morning. The theory of the defense was that appellant, accompanied by his wife's brother, went to the houseboat to advise appellant's wife that her mother had pneumonia, and to ask that she go to her mother's home and nurse her. Appellant and his brother-in-law arrived at the boat about daylight, and appellant's brother-in-law went into the boat alone to communicate the message they had come to bring. In the course of the conversation he mentioned the fact that appellant was up the river bank, whereupon deceased seized his pistol and announced his intention to kill appellant, and, as he was leaving the boat for that purpose, appellant fired the fatal shot in his necessary self-defense.

After the case had been under consideration by the jury for some time the jurors returned into court and announced their disagreement. One of the jurors stated that they were disagreed over a question, and were undecided whether the question was one of law or fact. Another juror suggested that the foreman of the jury retire with the judge and state the question to him. Thereupon the judge, the prosecuting attorney and defendant's counsel retired apart from the jury with the foreman, and the question was stated by the foreman. It was, whether or not appellant had the right to go to the houseboat under the circumstances of the case. The foreman retired to his fellows, and the court proceeded to give the instructions complained of.

It is obvious that the question propounded was a mixed one of law and fact. The court did not answer the question either affirmatively or negatively, and this he

should not have done, for to have done so would have infringed against the provision of the Constitution inhibiting judges from charging on matters of fact.

Counsel insist, however, that, although the court expressly disclaimed any purpose of stating the facts, the effect of his charge was to do so. The instruction is open to the objection of being unusually long, but we do not think it contained any expression of opinion on the facts. The court did tell the jury that the important question to determine was, "for what purpose did appellant go to the boat?" and that the answer to this question would be decisive of his right to go to the boat. This thought was elaborated at unnecessary length in the court's oral instruction; but, as we have said, the court did not undertake to decide the question of fact, which, he said, was of controlling importance. Under the issue joined, the question in the case of controlling importance, as stated by the court, was the purpose of appellant in going to the boat, for its answer furnished a solution of the conduct of the parties, and, in the absence of any objection to the language of the court except that the instruction was argumentative, we think the instruction was not prejudicial, although the court had stated what the controlling question of fact was.

We think there was no error in the action of the court in permitting the foreman of the jury to state the question upon which the jury had divided, and especially so as no objection was made until after the juror had done so. The court repeated to the jury the question which the foreman had stated, and the other jurors knew, of course, whether this was the question about which they had differed.

The second assignment of error does not accurately reflect the charge of the court on the appearance of danger to appellant, this being a part of the oral instruction. The portion of the oral instruction on that subject, in its entirety, reads as follows: "Now, you are the judges as to what the circumstances were at that time

on the part of the defendant, and, in determining all these things, the best thing I can suggest to you would be to ask yourself the question, what would you have done under similar circumstances?''

We think this instruction, read in its entirety, did not tell the jury to judge appellant's conduct by what the members of the jury would have done under the circumstances, but that it meant the jurors were the judges ''as to what the circumstances were at that time on the part of the defendant.'' In other words, the jury was told to first find what the circumstances were as they then appeared to the defendant, and, having determined that question, it was not then improper to direct the jury to determine what they, as men of ordinary caution, prudence and intelligence, would have done under the circumstances as they appeared to the defendant. The defendant has the right to have his conduct viewed from the circumstances as they appeared to him; but, when thus viewed, his conduct must be judged as that of the ordinary man similarly placed. We think this was the effect of the instruction set out above, and, as thus interpreted, we see no error in it. *Smith* v. *State,* 59 Ark. 132; *Magness* v. *State,* 67 Ark. 594; *Dean* v. *State,* 139 Ark. 433.

As we have said, the oral instruction was unusually long, but this does not constitute reversible error. The jury had twice reported and announced their inability to agree. It was obvious the court was apprehensive of a mistrial, and sought to avoid that result. It is highly desirable that mistrials be avoided; but the court cannot invade the province of the jury to prevent that result. But the trial court must be allowed some discretion in the length to which the instructions shall extend, especially so where a mistrial is about to result, and the court is endeavoring to so elucidate the issues as that the jury may not be mistaken about the law; and

we think the court committed no abuse of its discretion in this respect.

Upon the whole case, we think no prejudicial error was committed, and the judgment is therefore affirmed.