## EVANS *v.* STATE.

### Opinion delivered September 29, 1924.

CRIMINAL LAW—ADMONITION TO JURY TO AGREE UPON VERDICT.—Where the jury appeared in court room to report their inability to reach a verdict, and the court asked how they stood numerically, to which the foreman replied that the jury stood ten to two for conviction, whereupon the court admonished the jury as to their duty to make every reasonable effort to agree upon a verdict, *held* no error.

Appeal from Mississippi Circuit Court, Chickasawba District; *G. E. Keck,* Judge; affirmed.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted on the trial below under an indictment charging him with the offense of selling alcoholic liquor. He perfected his appeal, but there has been no appearance by counsel, and we must look to the motion for a new trial to determine the assignments of error. The first relates to the sufficiency of the evidence.

It is not difficult to determine that the evidence is legally sufficient, for one of the witnesses testified positively and unequivocally that she was present when appellant made a sale of whiskey to another person. There was a conflict in the testimony, but, as there was testimony of a substantial nature to support the verdict, we will not disturb the finding of the jury.

The other assignment of error relates to an incident in the proceedings when the jurors appeared in court to report their inability to reach a verdict. The court asked how the jurors stood numerically, but did not ask for a statement as to the side on which the majority stood. The foreman, however, responded that the jury stood ten to two for conviction. The court thereupon, on its own motion, delivered to the jury an admonition as to their duty to make every reasonable effort to agree upon a verdict. We have held that it does not constitute reversible error for the court to elicit a statement as to how the jury

stood numerically. *Murchison* v. *State,* 153 Ark. 300; *Phares* v. *State,* 158 Ark. 156. In neither of those cases was there a statement made as to the side on which the majority was arrayed, but we think the fact that the information is made public on that subject does not constitute prejudicial error. There was nothing in the remarks of the court calculated to operate as an invasion of the province of the jury or to unduly influence the jury. The court admonished the jurors that it was their duty not to yield their convictions, but to endeavor, in conference with each other, to reconcile their conflicting views and reach a verdict consistent with their conviction as to the law and testimony in the case.

We find no error in the record, and the judgment is therefore affirmed.