742

 

*Ketzky & Hipp, Loeb C. Ketzky, Ben R. Freeman,* for appellant.

## 44432. HUFFAKER v. THE STATE.

DEEN, Judge. 1. Our Constitution (Art. I, Sec. I, Par. V; *Code Ann.* § 2-105) requires that every person charged with crime shall on demand made previously to arraignment be furnished with a list of the State's witnesses. The requirement is mandatory, and it is error to permit a witness whose name was not on the list furnished to testify unless "the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." *Code Ann.* § 27-1403. In the present case the witness's name was not furnished, the solicitor was hesitant to state more than that the name of this witness was not known to him at the time the list was made out, and the court allowed the testimony. It appears, however, that the witness offered no testimony except identification of certain photographs of a boat as having been made by him. Another witness, owner of the marina in which the boat was located at the time, was also shown the prints and testified without objection that he was present at the time they were taken by the witness whose testimony is challenged, observed the scene and identified the pictures. This testimony is substantially the same as that offered by the photographer, and it was not necessary that the latter personally identify the pictures if their authenticity could be established by another person present when they were taken. *Hill v. State,* 201 Ga. 300 (6) (39 SE2d 675). The error was therefore harmless.

2. "The trial court may, after the jury have had a case under consideration for some time, inquire how they stand numerically." *Frazier v. State,* 93 Ga. App. 204 (91 SE2d 85), and see *Flahive v. State,* 10 Ga. App. 401 (73 SE 536). The inquiry is presumptively harmless; the fact, however, that the jury is divided in a stated manner as between plaintiff and defendant is not, for this is information which should not be

divulged during the course of the deliberations. Where the court seeks and obtains information as to the numerical division between guilty and innocent it has been held reversible error. People v. Talkington, 8 Cal. App. 2d 75 (47 P2d 368). If the court simply seeks to know the numerical division in order to determine some matter for the convenience of the jury or the parties, and the statement as to the number voting guilty or innocent is volunteered by a juror, it has been held that, absent other factors suggestive of a prejudicial result, reversal is not mandatory. Evans v. State, 165 Ark. 424 (264 SW 933); People v. Hall, 25 Cal. App. 2d 336 (77 P2d 244). Here, in spite of the fact that the court particularly cautioned the jury that he did "not want information as to how you stand in regard to the issue guilty or not guilty," the foreman volunteered the information. Nothing suggests that the statement was harmful to the defendant, and this ground also shows no cause for reversal.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED APRIL 9, 1969—DECIDED MAY 1, 1969— REHEARING DENIED MAY 22, 1969—

*Wesley R. Asinof, Richard E. Korem,* for appellant.
*Lewis R. Slaton, District Attorney, John W. Stokes, Tony H. Hight,* for appellee.