48579. SMITH v. THE STATE.

EVANS, Judge. The defendant was convicted of the offense of burglary, in that he did, "unlawfully and with force and arms without authority and with intent to commit a theft therein, enter the building of Suburban Plaza Lerner Shop, Inc." He was sentenced to serve a term of three years. The appeal is from the judgment and sentence. *Held:*

1. Defendant complains because the trial court failed to properly instruct the jury as to the meaning of the term "with force and arms." The indictment charged that the accused, on December 5, 1972, "unlawfully and *with force and arms* without authority and with intent to commit a theft therein, did enter the building of Suburban Plaza Lerner Shop, Inc., contrary to the laws of said State, etc." (Emphasis supplied.) The words "with force and arms" are not a part of the statute which makes it a crime to enter a building without authority and with intent to commit a theft therein. See Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287). Nor are these words required in the form prescribed by law for indictments. Code § 27-701. An allegation in an indictment that is wholly unnecessary to constitute the offense charged is mere surplusage. *Wood v. State,* 69 Ga. App. 450 (26 SE2d 140). An indictment couched in the language of the statute

is not subject to general demurrer. *McDonald v. State,* 222 Ga. 596 (1) (151 SE2d 121); *Kersh v. State,* 24 Ga. 191 (1). There was no attack on the indictment here by special demurrer or motion to strike, and such attack would have been required had the defendant desired to have this language removed as surplusage. *Reese v. Reese,* 89 Ga. 645 (3) (15 SE 846). The trial judge was not obliged to deal with mere surplusage in his charge, and consequently there is no error in his failing to correctly instruct the jury as to the meaning of the term "with force and arms."

2. Defendant contends the verdict is contrary to the law and the evidence. Defendant was found hiding or skulking in the rear of the Lerner Shop. He admitted that he had been hiding in the attic for the purpose of committing burglary. Under the terms of the new statute on burglary it is not necessary that the defendant actually commit the theft — it is sufficient if he enters without authority and with the intent to commit a theft; or if he enters or remains within a building or any room or any part thereof. See Code Ann. § 26-1601, supra.

The evidence, including defendant's admission, was ample to support the verdict of guilty.

3. One of the jurors inquired of the court: "If you feel a person has intent and he doesn't commit an act is he guilty of burglary?", to which the court replied, "Yes, sir." Standing alone, we would be disposed to regard this response as erroneous. The only exception enumerated to this action is that the court erred in giving an incorrect charge on the definition of crime. The judge proceeded then and there to clarify his statement by adding: "The definition of burglary, as I have given you, says that he either enters or remains on the premises of another with the intent to commit a felony or a theft." Thus, the juror was told that before one could be convicted of burglary, there must be not only *intent,* but, "he either enters or remains on the premises of another with the intent to commit a felony or theft." In the case sub judice the state proved that defendant *remained* on the premises with intent *to commit a theft.* In view of the prompt clarification the juror could not have been confused, and there was no reversible error shown in the initial answer of the trial judge to the question of the juror.

Defendant cites *Reece v. State,* 210 Ga. 578 (2-a) (82 SE2d 10), but there a correct instruction was *first given,* and it was *followed* by an incorrect instruction which was misleading and confusing, and which was never withdrawn. The clarifying statement must

come *after* the confusing statement, as was done in the case sub judice. He also cites *Wells v. State,* 126 Ga. App. 130 (1) (190 SE2d 106), but here the court had erroneously charged on the preponderance of the evidence in a criminal case, which was held to be confusing, and it was also held that a later charge on reasonable doubt was insufficient to correct the earlier error. The court did not give an incorrect charge in defining burglary here, and the cases cited do not support defendant's contentions.

4. Defendant made a proper demand for a list of the state's witnesses prior to arraignment and a list of witnesses was furnished him. After arraignment, on March 15th, the state furnished a supplemental list of witnesses just four days before the trial on March 19th. Defendant made prompt objection, and particularly objected to the testimony of Mrs. Wilma Jean Arnold, manager of the burglarized establishment, whose name was not furnished to defendant's counsel until March 15th. The district attorney did not state in his place that, "the evidence sought to be presented is newly discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses," as is required by Code § 27-1403, which was amended by Ga. L. 1966, p. 430, 431. The district attorney merely stated that the witness came to his office and we talked with her and determined at that time she had sufficient evidence, and she would be needed as a witness in this case, and "Mr. Hughes was aware of *her existence.*"

There was a total failure to comply with the statute, to wit, Code Ann. § 27-1403, supra. Defendant did not give his consent that the witness be used against him; and the district attorney did not state that the evidence was newly discovered. His statement that defendant's counsel was "aware of her existence" adds nothing to the showing made by the state.

There was ample evidence to support a conviction without this witness; but the law must be strictly followed in order for the defendant to have a fair and impartial trial in accordance with law.

*Judgment reversed. Bell, C. J., Pannell, Deen, Quillian, Clark and Stolz, JJ., concur. Hall P. J., and Eberhardt, P. J., dissent.*

Submitted September 17, 1973 — Decided November 16, 1973 — Rehearing denied December 5, 1973 —

*William G. Hughes,* for appellant.
*Richard Bell, District Attorney, George N. Guest,* for appellee.

HALL, Presiding Judge, dissenting to Division 4. In reference to the enumeration of error in not restricting the state to the list of witnesses furnished prior to joining issue, the facts show that the defendant demanded a list on February 12, 1973; a list was furnished him on February 28, 1973; the case was tried on March 7, 1973 resulting in a mistrial; after the trial and on the same day the assistant district attorney talked with the manager of the shop and determined for the first time that she would be needed as a witness in the case; the assistant district attorney added this witness' name to the list and furnished defendant the amended list on March 15, 1973 four days prior to the trial; the witness testified at the second trial and the defendant did not cross examine her; at the hearing on the objection the assistant district attorney gave the above explanation.

Considered in its totality, I do not think the defendant has been denied a fair trial. Four days prior to trial was sufficient to prevent surprise and in any event if there was any error here it was harmless. *Evans v. State,* 227 Ga. 571 (181 SE2d 845); *Huffaker v. State,* 119 Ga. App. 742 (168 SE2d 895). It is elementary that the appellant "has the burden to show not only error, but that the error was prejudicial." *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465, 466 (136 SE2d 525); *Dill v. State,* 222 Ga. 793 (152 SE2d 741).

Presiding Judge Eberhardt concurs.