## 55878. HESS v. THE STATE.

WEBB, Judge.

Karl Hess appeals his conviction of distributing obscene materials in violation of Criminal Code § 26-2101. The conviction was for the sale of two pictorial magazines entitled "Water Nymphs" and "Sappho Lovers." Hess asserts as grounds for his appeal that (1) the magazines are not obscene as a matter of law and are protected under the First and Fourteenth Amendments; (2) instructions to the jury on the issue of scienter failed to meet the minimum constitutional standards; and (3) the trial court erred in asking the foreman for the numerical division of the jury and instructing the jury on the effect of a mistrial. We conclude there is no merit in any of these enumerations, and affirm.

1. The two magazines, wrapped in transparent paper with the covers clearly visible and on public display in a magazine store, were purchased from the accused by a member of the Columbus Police Department. From our independent review and examination of the magazines, we find that they indeed are hard-core portrayals of female genitals and sexual conduct, and within the proscription of Code Ann. § 26-2101. They are obscene as a matter of law, offered for commercial gain, and their distribution was unquestionably in violation of that criminal statute. *Underwood v. State,* 144 Ga. App. 684 (1978). Being obscene as a matter of law, the magazines are not protected under the First and Fourteenth Amendments. *Simpson v. State,* 144 Ga. App. 657, 658 (3) (1978).

2. Hess complains about the instruction of the trial court to the jury on the issue of knowledge, specifically the instruction that "the word knowing, as used herein shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject matter. And, the person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material."

That instruction is a direct quotation from the statute itself. Code Ann. § 26-2101. We find it sufficient,

and consonant with the ruling in Hamling v. United States, 418 U. S. 87, 123 (94 SC 2887, 41 LE2d 590, 624) (1974), cited by appellant in support of his contention to the contrary.

The evidence need not show that the accused had actual knowledge that the magazines were obscene. "The applicable test under Code Ann. § 26-2101 is whether he has ' "knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material".' " *Underwood v. State,* 144 Ga. App. 684, 687 (4), supra. The newspaper and magazine store operated by the accused had an array of so-called sex magazines. There were no sports, literary or automobile magazines, and no magazines were observed on sale that dealt with subjects other than sex. The two magazines purchased vividly indicate pictorially on the covers what the contents are.

3. A trial court may, after the jury have had a case under consideration for some time, inquire how they stand numerically. *Huffaker v. State,* 119 Ga. App. 742 (2) (168 SE2d 895) (1969).

When the jury returned after having been out only a short time, purportedly with a verdict, the foreman without disclosing the verdict, related that it was not unanimous. The trial court again instructed the jury that their verdict must be unanimous, and inquired as to the numerical standing. The foreman answered "eleven and one." The court then addressed the jurors as follows: "Eleven and one. Well, this is an important case, of course, it's a serious case, it's consumed a great portion of this day, we have an attorney from out of town, a hung jury allows us to do nothing more than declare a mistrial, and a mistrial is like no trial at all, we'll have to try the case again. I don't know that we could ever select a jury any better than the twelve of you, I'm sure we could not. I'd like for you to go back and resume your deliberations with an effort to see if all twelve of you cannot agree on the case, because it would be — I just don't think it would be proper to declare a hung jury at this time. I'd like for you to go back and talk it over some more. If you have any legal problems, any legal questions, then perhaps the Court can instruct you further on it."

We find no error therein, and certainly the in-

structions were not coercive. *Spaulding v. State,* 232 Ga. 411, 413 (4) (207 SE2d 43) (1974); *Watkins v. State,* 237 Ga. 678, 679 (229 SE2d 465) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JULY 3, 1978 — REHEARING DENIED JULY 28, 1978 —

*Charles W. Boyle, Michael Clutter, Robert Eugene Smith,* for appellant.

*Robert G. Johnston, Solicitor, Barschall Andrews, Kenneth M. Henson, Jr., Assistant Solicitors,* for appellee.