## 40767. N & N, INC. v. VELINE.
### (315 SE2d 908)

GREGORY, Justice.

We granted the application of N & N, Inc. for interlocutory appeal from an order of the State Court of Houston County. The court's order denied appellant's motion seeking the return of 42 eight millimeter film projectors which appellee contends were seized pursuant to a warrant based upon evidence the projectors were used to show obscene movies. Appellee also contends the projectors were seized to be used as evidence against four individuals associated with the showing of the films. We remand with direction.

The issue we are asked to decide is whether the seizure of the projectors under the circumstances and procedures in this case violated appellant's rights under the First and Fourteenth Amendments of the United States Constitution and similar provisions of the Georgia Constitution.

Because this is an interlocutory appeal the facts have not yet been fully developed. However, certain facts are not disputed by the parties and appear from the record. The projectors were seized by officers of the Warner Robins Police Department on August 30, 1983. The officers were executing search warrants for two separate business establishments, National Book Mart and Manor News. At the same time, four persons were arrested for the offense of distributing obscene materials. OCGA § 16-12-80.

On October 4, 1983 N & N, Inc. filed a motion for the return of the projectors, alleging it was the owner and that they had been illegally seized. Carl A. Veline, Jr., the Solicitor of the State Court of Houston County, was named as the respondent and the person who had possession of the projectors. The motion was heard by the trial judge on October 12, 1983. The court's order recites that argument of counsel was heard and the order found as facts that the projectors

"are evidence that could show an act of distribution, and intent to commit the act of distribution and that defendants (the four individuals) were aware of the obscene nature of the material distributed." Also found was the fact that not all projectors nor films located in the two establishments were seized. There is no transcript of the October 12 hearing in the record. The appellant argues in its brief that no evidence was presented. Appellee responds that this is because there was no request for an adversary hearing, merely a request for the return of the projectors.

1. For the authority of the State to seize appellant's projectors, appellee relies on OCGA § 17-5-21. This statute authorizes certain judicial officers to issue warrants for the search of places and seizure of things upon a showing of probable cause that a crime is being committed or has been committed. Among the things which may be seized is any item, other than a person's private papers, which is tangible evidence of the commission of the crime which the probable cause has shown. Appellant does not dispute the contention that the statute purports to give the necessary authority for the seizure but contends it is unconstitutional as applied in this case because the First Amendment guarantees it the right to possess and use the projectors as a matter of freedom of expression. Thus we pursue the First Amendment inquiry.

2. Appellee argues that the projectors are not entitled to First Amendment protection because they differ in nature from film they might be used to project, and they differ from a book or other writing. We are not persuaded by this argument. The State, bent upon censorship of expression, might seize either matter being printed by a press or the printing press itself with equal effect. Likewise, the State could seize either film being projected or the projector itself and effectively cut off expression in either event. Under the facts alleged here the seizure of the projectors implicates First Amendment rights.

3. We are governed by the opinion of the United States Supreme Court in Heller v. New York, 413 U. S. 483 (93 SC 2789, 37 LE2d 745) (1973). The court determined the Constitution does not require an adversary hearing on the issue of probable obscenity prior to the issuance of a warrant for the seizure of a film to be used as evidence where the issuing judge has viewed the film and found it to be obscene. The court noted that it is a very different matter to seize a film for the bona fide purpose to preserve it as evidence in a criminal prosecution as opposed to seizing films to destroy them to bar their exhibition. There was no claim that seizure of one copy of the film precluded continued exhibition of the film. The court set out the necessary procedure. "If such a seizure [for use as evidence] is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate, and, following the seizure, a prompt judicial deter-

mination of the obscenity issue in an adversary proceeding is available at the request of any interested party, the seizure is constitutionally permissible." Heller, supra at 492.

Our difficulty is that we operate from a partially silent record. There was a hearing at the request of an interested party, N & N, Inc., held eight days after a motion was filed. If not in the beginning, at least at this point it is clear N & N, Inc. wants an adversarial hearing. In such a hearing evidence should be presented to allow the trial court to determine: (1) If the seizure was pursuant to a warrant (2) issued after a determination of probable cause (3) by a neutral magistrate; (4) that the projectors were used to show obscene films; and (5) the seizure was for the bona fide purpose to preserve the projectors as evidence, and (6) not to block distribution or exhibition of the films.

Even though a prompt hearing was held we are unable to ascertain from the record what was presented by the parties and determined by the court. For that reason we remand for the conduct of a hearing consistent herewith, promptness not being an issue.

*Remanded with direction. All the Justices concur.*

DECIDED MAY 31, 1984 — REHEARING DENIED JUNE 12, 1984.

*Paul C. Armitage*, for appellant.
*Carl A. Veline, Jr.*, pro se.