## 77594. DAY v. THE STATE.
(379 SE2d 548)

DEEN, Presiding Judge.

Appellant was tried before a jury and found guilty of the offense of distributing an obscene videotape in violation of OCGA § 16-12-80. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates as error the trial court's denial of his motion for a directed verdict of acquittal. He does not contend that

the videotape in question is not obscene. Appellant urges only that the evidence presented at trial did not show that he had the requisite guilty knowledge of the obscene nature and contents of the videotape.

OCGA § 16-12-80 (a) provides in pertinent part that "[a] person commits the offense of distributing obscene materials when he . . . rents . . . to any person any obscene material of any description, knowing the obscene nature thereof, . . . provided that the word 'knowing,' as used herein, shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject matter; and a person has constructive knowledge of the obscene contents if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material. . . ."

Whether or not appellant has "knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material" is a question generally for the jury. *Underwood v. State*, 144 Ga. App. 684, 687 (242 SE2d 339) (1978). The videotape in this case, viz., "The Revealing of Elsie," was listed in the "mature" category of the *Video Catalog* listing index. Above and below the subject video were the listings of "Playgirls' Sexual Secrets" and "Sensual Partners." The former is described in part as "instruction in techniques to enhance the joy of love making" and the latter in part as "wild romp on an exotic island with a worldly playboy becomes a nightmare when unsuspecting women are whisked off to be sold as slaves." "In the nature of things, fire is always attended with more or less danger, and is itself a warning to beware." *Allen v. Augusta Factory*, 82 Ga. 76, 79 (8 SE 68) (1888).

Appellant was knowledgeable in ordering and stocking videotapes of all kinds. We must not second-guess the jury's finding regarding the knowledge of facts sufficient to put a reasonable and prudent man on notice of the suspect nature of the videotapes, a fortiori, when that reasonable and prudent man happens to be so knowledgeable on the subject of videotapes. "[J]urors are entitled to use their own common sense as intelligent human beings on many questions," in particular those concerning "perversion and degeneracy." *Feldschneider v. State*, 127 Ga. App. 745, 746, 747 (195 SE2d 184) (1972). We cannot say in this case that the evidence was insufficient to support the verdict.

2. Alleged errors relating to the motion to suppress and the special and general demurrer are without merit. The rental of the tape was by a private individual, and the indictment met the requirements of notice and specificity. See *N & N, Inc. v. Veline*, 253 Ga. 51 (315 SE2d 908) (1984), *Wood v. State*, 144 Ga. App. 236 (240 SE2d 743) (1977), and *Smith v. State*, 130 Ga. App. 390 (203 SE2d 375) (1973).

3. Reference to a statute in the closing argument by the State did not violate the prohibitions of *Conklin v. State*, 254 Ga. 558 (331

SE2d 532) (1985), nor did the remarks of the trial judge made during closing argument add up to harmful error.

*Judgment affirmed. McMurray, P. J., Birdsong and Pope, JJ., concur. Beasley, J., concurs in judgment only. Carley, C. J., Banke, P. J., Sognier and Benham, JJ., dissent.*

CARLEY, Chief Judge, dissenting.

In Division 1, the majority finds no merit in the general grounds. In my opinion, the State failed to adduce sufficient evidence to authorize the jury, as the trior of fact, to find appellant guilty beyond a reasonable doubt of the crime of distributing obscene material. Accordingly, appellant's conviction should be reversed and I must, therefore, respectfully dissent.

A review of the record shows that there was no proof whatsoever that appellant had actual knowledge of the obscene contents of the videotape. The State did show that appellant is the owner of a videotape rental store wherein a wide variety of movies are offered for rental and that he ordered a videotape entitled "The Revealing of Elsie" from a film distributor in Atlanta. All that appeared on the exterior of the videotape, however, was a label which contained the following language: "Private Screenings, The Revealing of Elsie, color/approx. 70 minutes." Appellant placed the videotape in the adult section of his store and appellant's employee subsequently rented the videotape to a customer who passed it on to a third-party. The third-party gave the tape to the chief of police, who subsequently gave it to the sheriff's department. It is undisputed that appellant never viewed the videotape until sometime after his arrest. There being no proof that appellant had *actual* guilty knowledge, the issue to be resolved is whether the evidence presented at trial would authorize a finding that appellant had *constructive* guilty knowledge of the obscene contents of "The Revealing of Elsie." "The applicable test [for constructive knowledge] under [OCGA § 16-12-80] is whether [appellant had] ' "knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the material." ' [Cit.]" *Underwood v. State,* 144 Ga. App. 684, 687 (4) (242 SE2d 339) (1978).

There was no visible indication on the exterior of "The Revealing of Elsie" videotape cassette itself which would have put a reasonable person on notice as to its obscene contents. There was no evidence that the packaging or box in which the videotape had been delivered to appellant from the distributor contained a written description of the contents or "vividly indicate[d] pictorially on the covers what the contents [were]." *Hess v. State,* 146 Ga. App. 874, 875 (2) (247 SE2d 546) (1978). The title of the videotape was not so salacious as to indicate its obscene nature or contents. Compare *Hess v. State,* supra; *Underwood v. State,* supra. The catalogue from which "The Re-

vealing of Elsie" had been ordered by appellant did not contain a summary of the plot. There was evidence that the catalogue did list other "Private Screening" brand videotapes and that, as summarized, those other videotapes had a sexual content. It is this evidence regarding the other videotapes that the majority apparently finds decisive as to appellant's guilt. In my opinion, however, this evidence is ultimately immaterial and irrelevant to the issue of whether appellant had the requisite constructive knowledge of the obscene nature and character of "The Revealing of Elsie." The State made no effort to show that any of the other "Private Screening" videotapes listed and summarized in the catalogue were obscene. While there was evidence that the other videotapes were considered to be suitable for a mature rather than a juvenile audience, there is no legal proscription against the distribution of videotapes with actual or constructive knowledge that they contain material which may be suitable only for mature audiences. Material may be suitable for viewing only by adults without being obscene. The law only proscribes the distribution of videotapes with actual or constructive knowledge that they contain obscene material which is unsuitable for viewing by any audience.

Construing the evidence most strongly against appellant, the State's proof was totally insufficient to establish the requisite guilty knowledge of obscenity required to authorize a conviction under OCGA § 16-12-80. The evidence shows only that appellant distributed a videotape in the honest, but mistaken, belief that it had not crossed the line between legitimate entertainment for adults and obscenity. The law, however, only punishes the act of distributing videotapes with actual or constructive knowledge that that line has been crossed. Accordingly, I believe the trial court erred in denying appellant's motion for a directed verdict of acquittal and I must dissent to the majority's affirmance of appellant's conviction.

I am authorized to state that Presiding Judge Banke, Judge Sognier and Judge Benham join in this dissent.

DECIDED FEBRUARY 15, 1989 —
REHEARING DENIED MARCH 3, 1989 —

*William H. Mills*, for appellant.

*Charles M. Ferguson*, District Attorney, *David H. Moseley*, Assistant District Attorney, for appellee.