## S91A1204. ROGERS v. THE STATE.
(409 SE2d 655)

CLARKE, Chief Justice.

Frank Leon Rogers was convicted of armed robbery and felony murder with aggravated assault as the underlying felony. He received two consecutive life sentences. He appeals.[1] We affirm the conviction for felony murder and reverse the conviction for armed robbery.

Donald Watson was negotiating with Sheila Smith for sex when Frank Leon Rogers approached. Watson and Rogers talked about buying some cocaine and then began to argue. Rogers hit Watson in the head with a table leg. Watson fell to the ground. Rogers rifled through his pockets and fled. Watson got up and walked off down the street. He was comatose when he was discovered in a church doorway the next morning. He died about a week later from brain injury. Sheila Smith and Gary Knighton witnessed the fight and testified for the state.

1. Rogers contends that the trial court erred in allowing Watson's mother to testify because she was not on the list of witnesses required by OCGA § 17-7-110. The state responds that Rogers waived the list of witnesses and/or was not harmed by the fact that this witness was not on the list.

Under OCGA § 17-7-110, if a defendant makes a timely written demand for a list of witnesses, a witness whose name does not appear on the list may not testify without defendant's consent. The prosecution's failure to list a witness can be cured in many situations, however, if defendant is granted a continuance or allowed to interview the witness before the testimony is given. *White v. State*, 253 Ga. 106 (317 SE2d 196) (1984); *Simmons v. State*, 249 Ga. 860 (295 SE2d 84) (1982).

In this case, Rogers made a timely written demand for a list of witnesses pursuant to OCGA § 17-7-110. But, he also entered a plea of not guilty on a printed form that contained a waiver of the witness list. Nevertheless, on the day of the arraignment the prosecution gave Rogers a list of witnesses. The prosecution later updated the list three times. At trial Rogers objected to the testimony of the witness who was not on the list. The prosecutor gave no explanation for the fact that the witness was not on the list, except to say that he had not anticipated calling her. Rogers asked to interview the witness prior to her testimony. The trial judge and the prosecution acknowledged that Rogers had a right to interview the witness. Without giving a reason

[1] The crime occurred April 6, 1990. Appellant was indicted on June 8, 1990. He was convicted of felony murder and armed robbery on January 15, 1991. Appellant filed an appeal in the Court of Appeals on February 4, 1991. The case was transferred to this court June 7, 1991. The case was submitted for decision without oral argument on July 23, 1991.

however, the trial judge directed the testimony to proceed without allowing time for an interview.

We conclude that the testimony of the witness should not have been allowed without giving Rogers some remedy for the prosecution's noncompliance with the statute. The record is clear that Rogers insisted on his right to a witness list and on his right to a remedy for the failure of the witness to appear on the list. Further, it is clear that the prosecution did not rely on the waiver that appeared on the printed form. There was no suggestion at trial that Rogers had waived the right to a witness list. Rather, it was conceded that Rogers should be allowed to interview the witness. Under these circumstances, we cannot say that Rogers waived the right to a witness list. *Brown v. State*, 242 Ga. 536 (250 SE2d 438) (1978).

Further, we cannot conclude that the testimony was harmless. The unlisted witness, Watson's mother, testified that no money was in Watson's wallet when the hospital returned his effects to her. The only other evidence that anything was taken from Watson was the testimony by Sheila Smith. Sheila Smith testified that she did not know what was taken from Watson. Her testimony also indicated that a drug deal rather than a robbery may have been the motive for the attack. Under these circumstances, we cannot say that the testimony of the unlisted witness did not contribute to the verdict of guilty on the armed robbery charge. The error was not harmless beyond a reasonable doubt. Contrast *McAllister v. State*, 258 Ga. 795 (375 SE2d 36) (1989).

2. Rogers next contends that prior consistent statements of two witnesses for the state were improperly allowed into evidence. The state responds that the statements were properly admitted under the rule of *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). We agree that the statements were properly admitted under the rationale of *Cuzzort*.

3. Defendant next argues that the trial court should have directed a verdict of acquittal on the armed robbery charge. The state responds that the testimony of eyewitness Sheila Smith is sufficient to support the verdict on the armed robbery charge. After reviewing the testimony, we conclude that the evidence, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We further conclude that the evidence was sufficient to support the conviction for felony murder. Id.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

*Brown & Scoccimaro, Jimmie H. Brown,* for appellant.
*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.