## A93A1439. BENTLEY v. THE STATE.
(438 SE2d 110)

COOPER, Judge.

Lenward Bentley was tried before a jury and found guilty of theft by conversion. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Although the jacket of the indictment was captioned "Theft by Taking," the body of the indictment alleged theft by conversion, a violation of OCGA § 16-8-4, in that Bentley lawfully obtained funds under a known legal obligation to make a specific disposition thereof and that he knowingly converted that money to his own use by failing to deliver it over to its lawful owner. On the morning of trial, appellant raised an oral demurrer to the form of the indictment. The overruling of his oral motion to dismiss is enumerated as error.

"It is not the name, but the description of the crime, which characterizes the offense charged." Lipham v. State, 125 Ga. 52 (1) (53 SE 817) (1906). An indictment in which the allegations track the language of the applicable Code section is good as against a general demurrer. OCGA § 17-7-54 (a); Dunbar v. State, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993); Camp v. State, 3 Ga. 417 (1) (1847). An alleged variance between the offense as named or the Code section cited and the allegations specified in the indictment goes only to the form of the indictment. State v. Eubanks, 239 Ga. 483, 489 (238 SE2d 38) (1977). "Where the accused desires to take exception to the form of an indictment . . ., it is essential that he should do so by a demurrer or motion to quash, made in writing and before [entering a] pleading to the merits." Gilmore v. State, 118 Ga. 299 (1) (45 SE 226) (1903); Uniform Superior Court Rule 31.1. Appellant "waived all exceptions to the mere form of the indictment, by failing to urge them in a [timely, written,] pretrial special demurrer." Dunbar v. State, supra. The trial court did not err by overruling appellant's tardy oral objection to the form of the indictment.

2. Appellant filed a written pretrial demand for a copy of the indictment and a list of witnesses. On the list as originally furnished to

appellant, the State named three witnesses. After voir dire, appellant's counsel was served with an updated witness list by the State, adding a fourth witness to be called by the prosecution. Appellant objected to this newly-named witness and also moved for a continuance. Although the trial court offered a brief postponement, this witness declined to be interviewed by defense counsel prior to testifying. The admission into evidence of the testimony of this witness is enumerated as error.

(a) We wish to register our stern disapproval of tactics which give rise to the appearance that the prosecution, by act or omission, has attempted to subvert or circumvent the right of an accused to have reasonable pretrial "access to evidence," (see *California v. Trombetta*, 467 U. S. 479, 485 (II) (104 SC 2528, 81 LE2d 413) (1984)), as that right is protected by the Georgia and U. S. Constitutions, the statutes of this State, and the Uniform Superior Court Rules.

(b) "The Constitution of Georgia, in its declaration of rights, declares that every person charged with an offense against the laws shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation and a list of the witnesses on whose testimony the charge against him is founded. [Ga. Const. 1983, Art. I, Sec. I, Par. XIV.] This constitutional provision overrides all legislative enactments upon the subject; and [OCGA § 17-7-110] must be construed with such constitutional provisions." *Dean v. State*, 43 Ga. 218, 220 (1871). Compare *Campbell v. State*, 149 Ga. App. 299, 300 (3) (254 SE2d 389) (1979) (holding that OCGA § 17-7-110 does not reach the *addresses* of witnesses) with Uniform Superior Court Rule 30.3 (requiring the prosecutor, as an officer of the court, to furnish upon demand the addresses and telephone numbers of the State's witness). "Without the consent of the defendant, *no witness* shall be permitted to testify for the state whose name *does not appear* on the list of witnesses *as furnished* to the defendant *unless* the prosecuting attorney shall state in [her] place that the evidence sought to be presented is *newly discovered* evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses." (Emphasis supplied.) OCGA § 17-7-110. This Code section "is mandatory, and it is error to permit a witness whose name was not on the list furnished to testify unless 'the [prosecutor makes the proper showing that the desired testimony is newly discovered].' " *Huffaker v. State*, 119 Ga. App. 742 (1) (168 SE2d 895) (1969). See also *Allison v. State*, 256 Ga. 851, 854 (8) (353 SE2d 805) (1987); *Hyatt v. State*, 134 Ga. App. 703 (3) (215 SE2d 698) (1975). However, the "prosecution may furnish supplemental lists, even though the witnesses' names contained therein are not 'newly-discovered,' *provided* that the complete list is available to the accused promptly after his demand and at a reasonable time before trial." (Emphasis supplied.)

*Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974). Moreover, the exclusion of unlisted witnesses does not apply to rebuttal witnesses. *Nunnally v. State*, 235 Ga. 693, 707 (13) (221 SE2d 547) (1975).

"[I]t is obvious that to hand over the [supplemental] list immediately before the call of the case for trial [is] an empty compliance [by the prosecution]. . . . A specious and empty compliance with the formalities of law which results in the withholding of that which the spirit of the law seeks to grant cannot be countenanced." *Fishman v. State*, 128 Ga. App. 505, 511 (4) (197 SE2d 467) (1973). A fortiori, the State's deliverance of a supplemental witness list after the completion of voir dire is, in the absence of extenuating circumstances, an empty compliance. The State made no effort to show that this additional witness was newly discovered and that the State had been unaware of his existence when it supplied the original list pursuant to appellant's written demand. Compare *Yeomans v. State*, 229 Ga. 488, 490-491 (2) (192 SE2d 362) (1972).

It is true that, *upon a proper showing by the State that the evidence is newly discovered and unknown to the State when the list was furnished*, the trial court has the legal discretion to consider alternative remedies to excluding the witness or granting a mistrial. *Davis v. State*, 135 Ga. App. 203, 207 (3) (217 SE2d 343) (1975). A continuance in order to interview the unlisted newly-discovered witness frequently accomplishes the purpose of eliminating unfair surprise. *Davis v. State*, supra. Had the prosecution made a *proper showing* that the unlisted witness offered *newly-discovered* evidence the existence of which the State was previously unaware when it furnished the accused a list of witnesses, the "fact that the witness would not cooperate with the attorney [would] not [mandate] disallowing his testimony." *Hayes v. State*, 261 Ga. 439, 442 (4) (405 SE2d 660) (1991) (wherein the Supreme Court imputed a ten-day period as the reasonable measure of the State's compliance with the pretrial furnishing of a list of witnesses pursuant to OCGA § 17-7-110).

Here, however, the State failed to establish the applicability of the exception to the rule that, "without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant." Where the exception for newly-discovered evidence does not apply, the accused has an absolute statutory right to exclude the testimony of an unlisted witness from the prosecution's case-in-chief or to demand a continuance. *Rogers v. State*, 261 Ga. 649 (1) (409 SE2d 655) (1991); *Smith v. State*, 130 Ga. App. 390, 392 (4) (203 SE2d 375) (1973) (whole court); *Baldwin v. State*, 137 Ga. App. 32 (223 SE2d 10) (1975); *Parham v. State*, 135 Ga. App. 315, 317-318 (2) (217 SE2d 493) (1975). Under such circumstances, appellant was not obliged to accept the trial court's offer of a brief postponement, and if not ac-

cepted by the accused, the mere offer of postponement does not cure the defect. The trial court erred by permitting this virtually unlisted witness to testify over objection, where the State failed to claim that the witness presented "newly-discovered" evidence of which the State had been "unaware" when it furnished the original list pursuant to appellant's written demand.

(c) This error is subject to the test for harmless error. *Workman v. State*, 198 Ga. App. 455, 457 (1) (402 SE2d 76) (1991); *Caito v. State*, 130 Ga. App. 831, 837 (7) (204 SE2d 765) (1974). This new witness was the only State's witness who testified from personal knowledge that appellant received the cash delivered from a customer to pay for funeral services and the only witness to offer incriminating testimony of appellant's alleged intent not to turn the money over to appellant's employer, the complainant funeral home. "Under these circumstances, we cannot say that the testimony of the unlisted witness did not contribute to the verdict of [guilt on the sole charge of theft by conversion]. The error was not harmless beyond a reasonable doubt. [Cit.]" *Rogers v. State*, supra at 650 (1). "There was [sufficient] evidence to support a conviction without this witness; but the law must be strictly followed in order for the defendant to have a fair and impartial trial in accordance with [the] law." *Smith v. State*, supra at 392 (4).

3. Appellant's objections to certain State's exhibits on the basis of inadequate foundation are without merit. Remaining enumerations have been considered and are found to present circumstances unlikely to recur upon retrial.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 12, 1993.

*John D. Rasnick*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Mark M. Irvin, Randall K. Coggin, Assistant District Attorneys*, for appellee.